### (May 28, 1965)

■ HAROLD D. URIS et al., Plaintiffs, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Defendants.— *Per Curiam*. The question presented by this submission of controversy upon an agreed statement of facts is whether a cash distribution by a corporation to its shareholders from unrealized appreciation in the value of its assets is to be treated as income or as a capital gain to receiving shareholders under article 16 of the Tax Law, to the extent that the distribution exceeds the cost or basis of the shareholders' stock. This precise question was left open and undecided in *Matter of Marx* v. *Bragalini* (6 N Y 2d 322). The taxpayers owned stock in three corporations from which distributions were made during the years 1949, 1950 and 1951. Each corporation owned an office building and in each case, as a result of mortgage refinancing, additional sums of money were obtained and each corporation made distributions therefrom to its stockholders. Each of the plaintiffs paid ordinary income taxes on dividends paid by the only one of the corporations to show profits and earnings. The remaining distributions, to the extent that they exceeded the cost or basis of the shareholders' stock, were reported to the State Income Tax Bureau as capital gains. Taxes were paid at the capital gains tax rates and no question concerning them is before us. However, the bureau, in 1954, determined that the distributions were taxable as dividends and were subject to the normal tax under article 16 of the Tax Law and its assessment was sustained by the State Tax Commission. This holding was untenable under the subsequent decision in *Marx* (*supra*) and defendants now seek to sustain the determination as proper under the clause whereby "gross income" is defined as including "income derived from any source whatever" (Tax Law, § 359, subd. 1). In *Marx* (*supra*), it was held that the unrealized appreciation with which the court had to deal did not increase the corporation's "earnings or profits" (Tax Law, § 350, subd. 8; § 359, subd. 1) and that a distribution attributable solely to such appreciation was not taxable at ordinary income tax rates as a dividend paid from "earnings or profits". Neither, as the court held, did the distribution fit the clause of the statutory definition of "gross income" as "income derived from any source whatever" (Tax Law, § 359, subd. 1); this holding giving effect to "the policy of our courts to adopt, whenever reasonable and practical, the Federal construction of substantially similar tax provisions" (p. 333); and that construction excluding from "gross income" corporate distributions not made from earnings or profits. In deciding *Marx* (*supra*), the court was careful to point out that it dealt only with a distribution which did not exceed the taxpayer's cost or basis. We consider, however, that the policy considerations there reaffirmed, as well as the rationale of the decision and the basic economic concept of capital as distinguished from earnings and income, alike require *the extension of the principle* to the case before us. Turning then to the decisions in point in the Federal courts, there being none in New York, we are bound to conclude that this distribution is clearly excluded from taxation as ordinary income. **(See,**

c. g., *Lynch* v. *Turrish,* 247 U. S. 221; *Commissioner of Internal Revenue* v. *Gross,* 236 F. 2d 612.) Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.